IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Deon Mazyck, | C/A No. 2:22-cv-00010-SAL |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Director, Al Cannon Detention Center, | |
| Respondent. | |

*Pro se* petitioner Tyrone Deon Mazyck ("Petitioner"), a state pretrial detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Mary Gordon Baker (the "Report"), ECF No. 13, recommending that Petitioner's § 2241 petition be summarily dismissed.

**BACKGROUND**

As outlined in the Report, Petitioner is currently being detained at the Al Cannon Detention Center on a charge of "Accessory after the fact to Felony A, B, C or Murder" pending before the Charleston County Court of General Sessions. Petitioner has filed the instant habeas action to challenge the state court process and the evidence against him in state court. The Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 13.] Petitioner filed objections, and the matter is thus ripe for ruling by the court. [ECF No. 18.]

1

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a pending criminal case in Charleston County, South Carolina and seeks dismissal of the charge against him. [ECF No. 1.] The Magistrate Judge found that dismissal is appropriate on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. [ECF No. 13 at 3–6.]

Petitioner first asserts that he has requested the assistance of counsel in the instant case, but he has "heard nothing from the United States District Clerk." [ECF No. 18 at 1.] There is no motion to appoint counsel pending before this court, nor is it evident from this court's review where Petitioner has requested counsel in this case. Additionally, there is no absolute right to the appointment of counsel in a § 2241; however, 28 U.S.C. § 1915(e)(1) authorizes courts to "request

3

an attorney to represent any person unable to afford counsel." To warrant an appointment, an indigent plaintiff must present "exceptional circumstances[,]" which are dependent on "the characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citing *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975)), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). No such exceptional circumstances are present here, and, as outlined below, abstention is appropriate in this case.

The only specific objection Petitioner has to the Report is that it failed to include a finding that the prosecutor in Petitioner's case did not seek a timely extension of the indictment. [ECF No. 18 at 2.] It does not appear Petitioner raised that issue in his petition or any subsequent filings. The Magistrate Judge did not err in failing to include the issue in the Report. Moreover, that information would have no impact on the conclusion that abstention is appropriate in this case.

As to the remainder of Petitioner's objections, he offers the following: (1) "[t]he state is not giving fairness in Mr. Mazyck's case[,]" and he further notes an issue that could have been raised in his preliminary hearing and with the grand jury; (2) "[t]here is not an adequate opportunity to raise federal claims in state proceeding[,]" in particular, there is bias by the arresting officer and prosecutor's office, and the evidence against him is insufficient; and (3) "[t]he state courts could show [bias] in this case so Mr. Mazyck request[s] the higher courts attention to over see all proceedings please." [ECF No. 18 at 1–3.]

None of these objections specifically identify any errors in the Report. Instead, Petitioner's objections echo the information he provided in his petition. While Petitioner maintains this court should intervene in his state court action, the Magistrate Judge aptly described why dismissal is appropriate under the *Younger* abstention doctrine, which precludes federal courts from

4

intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)).  Of particular import here, one of the criteria for determining if such "narrow and extraordinary" circumstances are present is whether "there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Most of Petitioner's objections go to that issue.  He asserts the state process is not fair, and there are issues that could have been raised at a preliminary hearing, which was waived by counsel, or in front of the grand jury. [ECF No. 18 at 1.]  He further alleges bias by the prosecution, law enforcement, and in state court generally.  *Id.* at 2–3.  However, none of these unsupported allegations indicate that he will not have an adequate opportunity to raise his allegations of bias or insufficient evidence in his criminal trial and any subsequent appeal.  Furthermore, his general claims that the state process is not fair and that he will not have an opportunity to raise his federal claims are conclusory.  For these reasons, the court overrules all of Petitioner's objections.

There are procedures in place that protect Petitioner's constitutional rights without this court's pre-trial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition.  *See Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44.  Consequently, this court abstains from intervening in Petitioner's ongoing state proceedings.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report.  After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF

No. 13. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

Dated: March 20, 2023                                          s/ Sherri A. Lydon
Columbia, South Carolina                                United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."